IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01433-BNB

JIMMY JOSEPH VASQUEZ,

      Plaintiff,

v.

JEANNE DAVIS, In her Individual and Official Capacity as Health Physician,
NEUFELD ORVILLE, In her Individual and Official Capacity as Health Physician,
GABEL CHAMJOCK, In his Individual and Official Capacity as (PAC) Physician Assistant,
MAYUIZICE FAUVEL, In his Individual and Official Capacity as(PAC) Physician
      Assistant,
KATHLEEN MELLOW, In her Individual and Official Capacity as(PAC) Physician
      Assistant,
JOANN STOCK, In her Individual and Official Capacity as (PAC) Physician
      Assistant,
BRIAN WEBSTER, In his Individual and Official Capacity as (PAC) Physician
      Assistant,
BEVERLY DOWIS, In her Individual and Official Capacity as Health Service
      Administrator for SCF,
KAREN SCHMEDEKE, Nurse Manager of PHP/CHP, In her Individual and Official
      Capacity as Clinical Service,
STEVEN KREGS MD, Chief Medical Officer fo Health Partner (CHP), In his Individual
      and Official Capacity as Certified in Internal Medicine,
PATRICIA FIX, In her Individual and Official Capacity as Clinical Services for SCF,
DEBRA NICHOLSON, In her Individual and Official Capacity asa Records Technician
      (Nonmedical Professional) and a Grievance Coordinator at SCF,
PHIPPS RAMONA, In her Individual and Official Capacity as a Case Manager at SCF,
MARTORANO, In her Individual and Official Capacity as a Case Manager at SCF,
PHYSICIAN HEALTH PARTNERS, INC. (PHP), dba HEALTH CORRECTIONAL
      PARTNERS 9CHP, in its Individual and Official Capacity as the Administration
      of Managed Health Care to Inmates at SCF and Other CDOC Operated
      Facilities, and
JOHN & JANE DOES, Number 1 Through 25, In their Individual and Official Capacity as
      Employees for SCF,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jimmy Joseph Vasquez, is in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado.  Plaintiff initiated this action by filing, *pro se*, a Prisoner Complaint pursuant to 42 U.S.C. § 1983.  On June 13, 2014, Plaintiff paid the $400 filing fee pursuant to Court order.

The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The supporting facts for each of Plaintiff's claims are repetitive and presented in a narrative format of the events that took place rather than a short and concise statement.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named

individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S.

159, 166 (1985).  There must be an affirmative link between the alleged constitutional

violation and each defendant's participation, control or direction, or failure to supervise.

*See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Plaintiff asserts

participation for some of his claims but not for all of the claims.

A defendant may not be held liable for the unconstitutional conduct of his or her

subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662,

676 (2009).  Furthermore:

> [W]hen a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).  Therefore, in order to succeed in a § 1983 suit against a government official for

conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege

and demonstrate that "(1) the defendant promulgated, created, implemented or

possessed responsibility for the continued operation of a policy that (2) caused the

complained of constitutional harm, and (3) acted with the state of mind required to

establish the alleged constitutional deprivation."  *Id.* at 1199.

Furthermore, Plaintiff cannot maintain claims against prison officials or

administrators on the basis that they denied his grievances.  The "denial of a grievance,

by itself without any connection to the violation of constitutional rights alleged by

plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*,

587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F.

App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court will proceed to review the May 21, 2014 Complaint and address only the claims that comply with Fed. R. Civ. P. 8.

DATED June 19, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge